IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE PENDERGRASS, JR.,

    Plaintiff,                   No. CIV S-05-0728 DFL GGH P

    vs.

R.C.C.C., et al.,

    Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b), 12(b)(6) and 12(e). After carefully considering the record, the court recommends that defendant's motion be granted based on plaintiff's failure to exhaust administrative remedies.

        On March 6, 2006, the court recommended that defendant's (Barnes) motion to dismiss be granted based, in part, on plaintiff's failure to file an opposition. On March 16, 2006, plaintiff filed objections which addressed the merits of defendant's motion. On March 28, 2006, the court vacated the March 6, 2006, findings and recommendations, and construed plaintiff's objections as his opposition.

/////

1

1  Motion to Dismiss for Failure to State a Claim and for More Definite Statement

2  *Legal Standard for Motion to Dismiss for Failure to State a Claim*

3  A complaint should not be dismissed under Rule 12(b)(6) unless it appears
4  beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which
5  would entitle him to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803
6  (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley
7  v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101 (1957), Cervantes v. City of San Diego, 5 F.3d
8  1273, 1274-75 (9th Cir. 1993).  Dismissal of the complaint, or any claim within it, "can be based
9  on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a
10 cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990);
11 see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

12 In considering a motion to dismiss, the court must accept as true the allegations of
13 the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.
14 Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the
15 motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,
16 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume
17 that general allegations embrace those specific facts that are necessary to support the claim.'"
18 NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555,
19 561, 112 S. Ct. 2130, 2137 (1992).  Moreover, pro se pleadings are held to a less stringent
20 standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596
21 (1972).

22 The court may consider facts established by exhibits attached to the complaint.
23 Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also
24 consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d
25 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other
26 papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

*Analysis*

This action is proceeding on the original complaint filed April 14, 2005, as to defendant Barnes only. Plaintiff alleges that on August 3, 2004, he was struck in the jaw on the right side of his face, apparently by another inmate, while housed at the Rio Consumnes Correctional Center (RCCC). Although plaintiff complained to jail officials that he suffered pain, he received no medical care for his jaw.

On August 16, 2004, plaintiff was transferred to the Deuel Vocational Institute (DVI). Upon arrival, plaintiff told the intake nurse that he thought his jaw was broken. Doctor Lee conducted plaintiff's initial intake exam between August 16, 2004, and September 16, 2004. Dr. Lee ordered an x-ray due to the excessive swelling in plaintiff's mouth. Plaintiff was unable to chew on the right side of his mouth. The x-rays showed that plaintiff's right jaw was fractured. A second x-ray confirmed the fracture.

Plaintiff alleges that the Chief Medical Officer (CMO), Dr. Gabrauh, told plaintiff that because the fracture had substantially healed, he would have to rebreak plaintiff's jaw in order to fix it.

Plaintiff alleges that he was scheduled to have surgery on his jaw between September 7 and 9, 2004. On the day of the surgery, defendant Barnes told plaintiff that because his jaw had already started healing, he would not perform the surgery. He told plaintiff that his jaw would have to be rebroken to get it right.

Defendant first argues that the complaint should be dismissed because plaintiff does not specifically identify the legal grounds for this action. Liberally construed, plaintiff is

3

alleging that defendant violated his Eighth Amendment right to adequate medical care by failing to perform the surgery on his jaw. Courts have a duty to construe pro se pleadings liberally, including complaints. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (acknowledging that we must construe pro se prisoners motions and pleadings liberally). Accordingly, the motion to dismiss on grounds that plaintiff failed to specifically identify the Eighth Amendment as the legal basis for his claims should be denied.

Defendant argues that plaintiff's allegations do not state a colorable Eighth Amendment claim. In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate

indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense—a subjective standard—disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is

1  no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing
2  Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-
3  1000.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends
4  to provide additional support for a claim of deliberate indifference; however, it does not end the
5  inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the
6  medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those
7  needs, the more likely it is that a plaintiff has established deliberate indifference on the part of
8  the defendant." McGuckin, 974 F.2d at 1061.

9        In order to put defendant's arguments in context, the court will set forth its
10  interpretation of plaintiff's claims.  Liberally construing the complaint, plaintiff is claiming that
11  following his examination by the CMO, he was scheduled for surgery to rebreak his jaw.
12  Plaintiff claims that defendant Barnes refused to perform the surgery, despite the finding by the
13  CMO that this surgery was warranted.

14        Defendant first argues that plaintiff has not pled a serious medical need.
15  Defendant argues that the only allegations regarding the seriousness of the condition are that
16  plaintiff was unable to chew on the right side.  Defendant argues that there was no mention as to
17  chronicity, duration, associated pain or any other effects upon the plaintiff.

18        As stated above, indications that a prisoner has a serious need for medical
19  treatment include the existence of an injury that a reasonable doctor or patient would find
20  important and worthy of comment or treatment.  As discussed above, the court construes the
21  complaint to allege that the CMO found that surgery to rebreak plaintiff's jaw was required in
22  order for the jaw to heal correctly.  Based on this allegation, the court finds that plaintiff has pled
23  sufficient facts to demonstrate that he had a serious medical need.

24        Defendant next argues that plaintiff has pled no facts demonstrating that
25  defendant acted with deliberate indifference when he refused to perform the surgery.  As stated
26  above, plaintiff is claiming that he was scheduled for surgery after the CMO found that his jaw

would have to be rebroken for it to properly heal.  Plaintiff claims that defendant Barnes refused to perform the surgery.  These allegations state a colorable claim for deliberate indifference.

Defendant also argues that plaintiff should be required to file an amended complaint pursuant to Fed. R. Civ. P. 12(e)(more definite statement).  Because the court finds that defendant's motion to dismiss pursuant to Rule 12(b)(6) should be denied, the motion pursuant to Rule 12(e) should be denied as well.

Failure to Exhaust Administrative Remedies

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections.  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

Defendant argues that plaintiff has failed to exhaust his administrative remedies. In support of this argument, defendant refers to the declarations of N. Grannis, the Chief of the

\\\\\

Inmate Appeals Branch, and Rich Russell, Inmates Appeals Coordinator at DVI, attached to his motion.

In his declaration, Mr. Russell states that he conducted a thorough search for all logged appeals by plaintiff in the DVI Appeals Office computer database. Russell declaration, ¶ 8. The results of the search revealed that the DVI Inmate Appeals Office received no 602 appeals by plaintiff which were logged and proceeded past the informal level of review since at least 1995. Id., ¶ 8. His search of the DVI Inmate Appeals Office computer database revealed that plaintiff did not file any 602 appeals which were screened out (or returned to the inmate) at the informal level since June 2004. Id.

According to N. Grannis, the Inmate Appeals Branch database reveals no record that plaintiff filed any appeals which were accepted for review and further processing at the Director's Level since 1997. Grannis decl., ¶ 5. There was also no record that plaintiff had filed any appeals at the Director's Level which were screened out since 1997. Id.

In his March 16, 2006, opposition, plaintiff states that he did attempt to exhaust administrative remedies. Plaintiff alleges that on January 19, 2005, he filed an administrative appeal related to this case. Plaintiff alleges that on January 28, 2005, this appeal was denied and returned to plaintiff. Plaintiff lost the appeal and was unable to obtain a duplicate copy.

Attached to plaintiff's March 16, 2006, pleading is a copy of a form titled "Inmate Request for Interview." In this document dated February 10, 2006, plaintiff requests a copy of the 602 he submitted on January 19, 2005.

At best, plaintiff's opposition demonstrates that he pursued an administrative appeal regarding the claims raised in this action only to the first level of appeal, i.e. the 602 informal level of appeal. Plaintiff does not claim that he pursued this appeal to the Director's Level of Appeal. Thus, plaintiff is not assisted by Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005), cert. granted Woodford v. Ngo, 126 S. Ct. 647 (U.S. Nov 14, 2005), a case which held that when plaintiff's administrative claim was denied on account of untimeliness, such denial

8

satisfied exhaustion. Assuming plaintiff's denial was on account of untimeliness, he is still required to appeal this finding to the highest level. "Even assuming that an inmate wished to skip a prison's grievance system in order to quickly get into district court, the inmate must still submit his untimely grievance to the prison and appeal all denials of his claims completely through the prison's administrative process to satisfy the PLRA's exhaustion requirement." Id.

Accordingly, for the reasons discussed above, the court finds that plaintiff has failed to exhaust his administrative remedies regarding his claims against defendant Barnes.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's January 9, 2006, motion to dismiss for failure to state a claim be denied; that defendant's January 9, 2006, motion to dismiss for plaintiff's failure to exhaust administrative remedies be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/10/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
pen728.mtd